FILED by EG D.C.
ELECTRONIC

**Sep 29 2004**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 04-20203CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                       **E-FILED**

DARREN LAMAR MOORE, et. al.

    Defendant.
_____/

DEFENDANT DARREN LAMAR MOORE's
MOTION TO SUPPRESS EVIDENCE

    Defendant, DARREN LAMAR MOORE, by and through his undersigned counsel, hereby moves this Honorable Court to suppress the use of certain tangible and intangible evidence taken by the Federal Bureau of Investigation and other law enforcement agencies from a house located at 2268 N.W. 81st Terrace, Miami, Florida 33147. As grounds the Defendant would show as follows:

    1. On April 14, 2004 members of the Federal Bureau of Investigation, assisted by City of Miami Police Department and various other law enforcement agencies (herein after referred to as "FBI") proceeded to arrest many individuals named in the indictment of this case. With respect to at least two defendants, if not more, law enforcement sought and procured *both* arrest affidavits and search warrants.

2. In the early morning hours of April 14, 2004 the FBI arrived at the home of Darran Lamar Moore (hereinafter referred to as "Mr. Moore" or "Defendant Moore") located at 2268 NW 81st Terrace, Miami, Florida 33147. This is the home of not only Mr. Moore, but of his siblings as well. The FBI positioned themselves around the exterior of the house.

3. The home was occupied with various family members including minor children. Contemporaneously with the surrounding of the home by the FBI there was a pounding on the front door. The front door was opened and law enforcement immediately proceeded into the house without the consent of anyone of the occupants.

4. Without the benefit of a search warrant members of the law enforcement team proceeded to search throughout the home. As a result of the extensive search of the home law enforcement seized "two bags of white powder" and $5,800.00. The nature of the white powder remains unknown as of the date of the filing of this motion. Inquiry has been made however, the FBI has been unable to secure any laboratory report evidencing the nature of the substance. Inquiry was also made with respect to an inventory of the items seized. To date, the FBI has indicated that there is no inventory of the items seized.

5. The FBI does not deny that a search of the home was indeed conducted, rather they indicate by way of the 302's provided in this course of the discovery in this case that the search of the home was done pursuant to a "sweep of the residence".

6. The investigation conducted, to date, has revealed that the "sweep" conducted by law enforcement was in reality an entire search of the home, including but not limited to

containers, drawers and numerous other areas.

## MEMORANDUM OF LAW

### Standard of Review

A motion to suppress evidence seized pursuant to a warrantless search of one's home presents a mixed question of fact and law.

### (I)  Warrantless Search

Any doubts about the general requirement of a search warrant to search a home have been laid to rest by the Supreme Court's decision in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Warrantless searches and seizures inside on's home are presumptively unreasonable.  See Coolidge v. New Hampshire, 403 U.S. 443 (1971) and United States v. Burgos, 720 F.2d 1520, 1525 (11th Cir. 1983).  Where, however, exigent circumstances "make it impossible or impractical to obtain a warrant," and where probable cause exists to arrest or to search, the failure to obtain a warrant will be excused. United States v.  Edmondson, 791 F.2d 1512, 1515 (11th Cir. 1986).  "The exigent circumstances exception to the Fourth Amendment warrant requirement applies in 'those cases where the societal costs of obtaining a warrant, such as danger to law officers or the risk of loss or destruction of evidence outweigh the reasons for prior recourse to a neutral magistrate'". United States v.  Blasco, 702 F.2d 1315, 1325 (11th Cir. 1983) cert. Denied, 464 U.S. 914 (1983) quoting Arkansas v. Sanders, 442 U.S. 753, 759 91979).

"Because the protections of the Fourth Amendment are crucial to a free and viable

3

society, the Government shoulders a heavy burden of justifying the failure to obtain a warrant prior to the intrusion." Id. Generally see Welsh v. Wisconsin, 466 U.S. 740, 741, 104 S.Ct. 2091, 2093, 80 L.Ed.2d 732 (1984). Moreover, to the extent that the Government would seek to rely on the existent of "exigent" circumstances, such reliance is not without costs for the Government bears a "heavy" burden of proof that exigent circumstances do in fact, exist. Id. at 2098-99.

"The phrase 'exigent circumstances' refers generally to those situations in which law enforcement agents will be unable or unlikely to effectuate an arrest, unless they act swiftly and without seeking prior judicial authority." United States v. Campbell, 581 F.2d 22, 25 (2nd Cir. 1978).

The FBI made application to a magistrate for the issuance of search warrants in this case with respect to at least two co-defendants. Moreover, the nature of this investigation, which began with three controlled buys between law enforcement and their target, lead defendant Allen L. Ross was such that law enforcement had amble opportunity to coordinate matters and to seek judicial approval of a search of Mr. Moore's home, as it was done with respect to Allen L. Ross and other co-defendants in this case. Moreover, the Government sought and obtained numerous Title III wiretaps during the months of July, August and September of 2003. A little short of a year prior to the April 14, 2004 search of Mr. Moore's home. Indeed, the Government, in reliance upon evidence alleged to be in existence against Mr. Moore, sought and obtained a continuation of the Title III wiretap from August and

4

continuing on through September, 2003.

However, rather than securing a warrant to conduct a search of his home, law enforcement proceeded to Mr. Moore's home and have justified their extensive search by alleging it to be a "sweep" that was conducted while in search of Defendant Moore. The evidence in this case is to the contrary.

**(II) Protective Sweep**

A protective sweep passes constitutional muster under the Fourth Amendment when law enforcement in attempting to effectuate an arrest of a defendant, based on probable cause if law enforcement possesses a reasonable belief, based on specific and articulable facts, that an individual posing a danger to those on scene is in the area to be swept. See Maryland v. Buie, 494 U.S. 325, 110 S.Ct. 1093, 1099-1100, 108 L.Ed.2d 276 (1990). In Buie, the Supreme Court defined a protective sweep as follows:

"A quick and limited search of a premises....narrowly confined to a cursory visual inspection of those places in which a person might be hiding." Id. at 1094.

**CONCLUSION**

The Government bears the burden to demonstrate that the search of Mr. Moore's home came within any of the limited exceptions to the warrant requirement. It is most respectfully requested that the Government be compelled to meet its burden and demonstrate that the particular circumstances of this case justified a thorough search of Mr. Moore's home.

5

>Respectfully submitted,
>
>ANA M. JHONES
>
>Attorney at Law
>Miracle Building, Suite 235
>220 Miracle Mile
>Coral Gables, FL 33134
>Telephone: (305) 461-0700
>Facsimile: (305) 461-0041

BY:_____
   Ana M. Jhones
   Florida Bar #771170

## CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that a copy of the foregoing was furnished by facsimile to the Assistant United States Attorney listed below and to the foregoing counsel of record that currently shall proceed to trial on this __29th__ day of September, 2004.

Joseph Cooley
**Assistant US Attorney**
99 NE 4th Street
Miami, FL 33132
Telephone: (305)961-9405
Facsimile:  (305)536-7213

Mauricio Lopez Aldazabal
2655 LeJeune Rd., #1001
Coral Gables FL   33134
**Counsel to Yselande Romelus**
Telephone: 305-569-9566
Facsimile: 305-444-7578
mlafedesq@msn.com

6

William Alexander Clay, Esq.
11440 N. Kendall Dr., Suite 400-E
Miami FL   33176
**Counsel to Jervis Lamar Tookes**
Telephone: 305-595-0866
Facsimile: 305-595-9732

Reemberto Diaz, Esq.
2929 Southwest Third Avenue, Suite 410
Miami FL   33129
**Counsel to Linord D. Albruy**
Telephone: (305) 446-0001
Facsimile:  (305) 285-9110
Reembert@aol.com

Allan Stewart Kaufman, Esq.
2900 N. Dixie Highway
Suite 201
Oakland Park FL   33334
**Counsel to Fabian Corriette**
Telephone: 954-563-6624
Facsimile: 954-563-6813
ask_pa@bellsouth.net

    Respectfully submitted,

    ANA M. JHONES
    Attorney at Law
    Miracle Building, Suite 235
    220 Miracle Mile
    Coral Gables, FL 33134
    Telephone: (305) 461-0700
    Facsimile: (305) 461-0041


    BY:_____
    Florida Bar #771170

8

9